# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH EDWARD McCONNEL,  )
                        )
        Petitioner,  )     2:12-cv-00135-GMN-PAL
                        )
vs.  )
                        )     <u>ORDER</u>
DEPARTMENT OF JUSTICE, et al.,  )
                        )
        Respondents.  )
_____/

This is an action pursuant to 28 U.S.C. § 2241 brought by Joseph E. McConnel, a federal prisoner currently subject to supervised release following a conviction obtained in the United States District Court for the Western District of Oklahoma. According to the petition, petitioner resides in Las Vegas, Nevada and is under the supervision of the United States Probation Office of the District of Nevada. The petition attacks the legality of his detention, contending petitioner is "legally innocent of the unconstitutional sentence." Petition, p. 4. The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as is in its discretion. Rule 1(b).

I.    <u>Procedural Background</u>[1]

Petitioner was convicted in federal court on June 10, 2002, by a jury on charges related to the illegal sale or transfer of weapons. Petitioner has previously sought relief from the courts via a direct appeal of his conviction and a petition for rehearing to the Tenth Circuit Court of Appeals, through

---

[1] This procedural history is taken directly from the petition without reference to any supporting documentation. Thus, any inaccuracies are attributed to petitioner.

a petition for writ of certiorari to the United States Supreme Court, and through a petitioner for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petition, p. 3. An appeal of the § 2255 denial was taken to the Tenth Circuit. *Id.* The circuit court remanded the matter to the Oklahoma United States District Court for additional factual development on petitioner's claim that appellate counsel was ineffective for not claims petitioner was given inadequate notice of the government's intention to introduce "new matter" at the time of sentencing. *Id.* It appears that the matter is still pending. The instant petition, brought pursuant to 28 U.S.C. § 2241, was filed on January 26, 2012.

The instant petition argues that petitioner is "actually, factually and legally innocent of the unconstitutional sentence which he is currently serving." Petition, p. 4. He contends that he is entitled to bring this action in this Court because he has exhausted all other opportunities for post-conviction relief "as to his main issue." He further contends that he cannot get a fair consideration of his claims in the courts of the Tenth Circuit where the conviction was obtained. Petitioner argues that his claim of actual innocence provides a gateway through any procedural bars to a court's consideration of this successive petition, citing *Bously v. United States,* 523 U.S. 614, 118 S.Ct. 1604 (1998). Petitioner argues that he has "tried without success to obtain a judicial review of the entrapment elements of the "sting operation" performed by the Bureau of Alcohol, Tobacco and Firearms" and that he has recently discovered "that there are some serious elements of the search and seizure of May 4, 2001, that need to be contested." Petitioner, pp. 6-7. He contends the § 2255 review has been inadequate because of the two years and eight months it took the court to decide the motion, because of a possible relationship between the prosecuting attorney and the local AFT agent in charge,[2] because the jury foreman was a politically active member of the Democratic party in Oklahoma, and because "many of the personnel in the United States Court House, at the time of the trial herein, had previously worked together in various capacities, and might not have been conflict free in their activities." *Id.* at 7.

This petition is hindered by certain bars which affect its viability. First, a § 2255 motion

---

[2] The individuals share the same last name.

-2-

to the sentencing court is generally the appropriate vehicle for challenging a conviction. 28 U.S.C. § 2255; *United States v. Hayman,* 342 U.S. 205, 217, 72 S.Ct. 264, 271 (1952); *see also Porter v. Adams,* 244 F.3d 1006, 1007 (9th Cir. 2001). Generally, state and federal petitioners are limited from seeking relief under 28 U.S.C. § 2241 if adequate review under § 2254 or § 2255 is available. *See Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir. 1999)(per curiam); *Greenawalt v. Stewart,* 105 F.3d 1287, 1287-88 (9th Cir. 1997) (per curiam). Petitioner has already filed a § 2255 petition, which is still pending in the Oklahoma federal district court after remand from the Tenth Circuit. Thus, it appears he may be barred from attempting to challenge the legality of his conviction through this § 2241 petition under 28 U.S.C. § 2244(b).

Second, the petitioner may not file a § 2241 petition in order to circumvent the AEDPA's gatekeeping provisions regarding successive petition requirements. *See Moore v. Reno,* 185 F.3d at 1055; *Greenawalt v. Stewart,* 105 F.3d at 1287. Here, petitioner is attempting to gain review of claims that either have never been presented in a prior appeal or collateral attack or that have not been considered on the merit due to some unidentified procedural bar.[3] Moreover, the instant § 2241 petition was filed while petitioner's original § 2255 is still pending, although petitioner avers that the matter was remanded after appeal for the limited purpose of considering appellate counsel's effectiveness related to events at sentencing. *See* Petition, p. 3. In *Ching v. United States,* 298 F.3d 174, 177 (2d Cir. 2002), a federal prisoner filed a § 2241 petition before a final decision had been issued with respect to his § 2255 motion. The Second Circuit determined that the district court should have treated the § 2241 petition as a motion to amend the original § 2255 motion, reasoning that in order for a petition to be second or successive, it must have been filed after the conclusion of a "proceeding that has 'reached final decision.'" *Id.* at 176-177 (citing *Littlejohn v. Artuz,* 271 F.3d 360, 363 (2d Cir. 2001)). *See also Grullon v. Ashcroft,* 374 F.3d 137 (2d Cir. 2004). The Ninth Circuit has adopted the Second Circuit's

---

[3] Petitioner does not state why he has been "without success" in his efforts "to obtain a judicial review of the entrapment elements of the 'sting operation' performed by the [ATF]."

reasoning, requiring that a court treat a petition filed under similar circumstances as a motion to amend the already pending motion or petition rather than as second or successive. *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2009). Under this rule, the matter should be transferred to Oklahoma so as to be treated as a motion to amend the petition pending there. However, because petitioner is attempting to avail himself of the "escape clause" of § 2255(e), further consideration is necessary before dismissal or transfer is ordered.

Petitioner argues that this § 2241 petition is proper in this jurisdiction because he has shown that the remedies available under § 2255 are inadequate or ineffective and because of a manifest injustice and because a miscarriage of justice will result if review is denied. As noted above, he contends that the jury foreman and various judicial officers in the court are biased or politically motivated to deny him relief. However, the allegations made about the jury foreman, courthouse staff, and the prosecuting and policing authorities sound more like "grasped straws" than exceptional circumstances. For example, merely because two individuals share the same last name, as do the prosecuting attorney and the lead agent for the ATF offices in Oklahoma, there can be no assumption that there is a relationship between them or that a relationship would result in improper actions in deciding to prosecute the petitioner. Petitioner offers no facts to suggest exactly what relationship may exist. Moreover, court house staff have no decisional power over the prosecution of a criminal indictment or the timing of court decisions, at least to any degree that would result cause a § 2255 petition to be inadequate and ineffective for afford relief to this petitioner. Thus, this assertion seems irrelevant to the requisite showing under § 2255(e). Finally, a delay of less than three years in reaching a final determination of a § 2255 petition is not extraordinary and petitioner has not demonstrated how that delay was prejudicial. Petitioner's claim of actual innocence should be considered by the trial court, where the record of proceedings and the evidence from trial are more readily available. The assertions about his innocence made herein are inadequate.

Petitioner has not demonstrated that the § 2255 motion still pending before the courts in

-4-

1 Oklahoma is "inadequate of ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Therefore, petitioner is not entitled to pursue a § 2241 petition. However, rather than dismiss the petition outright, in the interests of justice, the Court will construe the petition as a motion to amend the pending § 2255 motion and will transfer the matter to the United States District Court for the Western District of Oklahoma to be considered by that court. 28 U.S.C. § 1631; *see Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

**IT IS THEREFORE ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Western District of Oklahoma for filing in case number CR-02-009-M or its related § 2255 action. The Clerk of Court shall immediately transmit this order and the file to the United States District Court for the Western District of Oklahoma.

Dated this 1st day of February, 2012

_____
Gloria M. Navarro
United States District Judge